IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MOTAI SAIB,                         )
    *et al.*,                       )
                                    )
        Petitioners,                )
                                    )   Civil Action No. 05-CV-1353 (RMC)
    v.                              )
                                    )
GEORGE W. BUSH,                     )
    President of the United States, )
    *et al.*,                       )
                                    )
        Respondents.                )
_____)

**PETITIONERS' MOTION TO VACATE
THE MINUTE ORDER STAYING PROCEEDINGS**

Pursuant to FED.R.CIV.P. 60(b), Petitioners, through their counsel, Holland & Hart LLP, respectfully request the Court vacate its August 1, 2005 Minute Order granting Respondents' Motion to Stay Proceedings ("Motion") and request that Petitioners be granted 11 days from the Order vacating the August 1, 2005 Minute Order to respond to the Motion.  In support thereof Petitioners state as follows:

**STATEMENT OF FACTS**

On July 7, 2005, Petitioners filed their Petition for Writ of Habeas Corpus ("Petition").  Anne J. Castle of Holland & Hart LLP signed the Petition as Counsel for Petitioners, while Barbara J. Olshansky of the Center for Constitutional Rights was designated "Of Counsel."  Appropriately, the docket for the above captioned case lists Ms. Castle as "Lead Counsel, Attorney to be Noticed" for Petitioners.  The docket also lists Ms. Olshansky as "Attorney To Be Noticed."  Exhibit 1, Civil Docket for Case No. 1:05-cv-01353-RMC.

1

On July 11, 2005 Ms. Castle received an email correspondence from Ms. Noronha, counsel for the Respondents, informing Ms. Castle that Respondents intended to move to stay the Petition and requesting Petitioners' position with respect to such a motion.  Exhibit 2, Email Correspondence Between Preeya Noronha, Esq. and Anne Castle, Esq.  Ms. Castle responded that Petitioners would oppose a motion to stay.  *Id.*  Respondents' counsel was therefore clearly aware that Ms. Castle was lead counsel for Petitioners.

The next day, July 12, 2005, Respondents filed their Motion to Stay Proceedings.  Respondents inexplicably failed to serve Ms. Castle with a copy of the Motion, even after having conferred with Ms. Castle regarding the Motion.  Additionally, Respondents failed to attach a Certificate of Service to the Motion, thereby making it impossible to determine who had been served and by what means.

On July 14, 2005, Ms. Castle registered for this Court's Electronic Case File system ("ECF").  Ms. Castle received her ECF login and password on July 18, 2005.[1]

On August 1, 2005, Ms. Castle received an electronic notification of this Court's Minute Order granting the Motion.  This was the first time Petitioners or their lead counsel, Holland & Hart LLP, were made aware that the Motion had been filed.  In accordance with LCvR 7(m), undersigned counsel has conferred with Respondents' counsel, Ms. Noronha, regarding the failure of service and Petitioners intent to file this Motion to Vacate.  Ms. Noronha has stated that Respondents oppose this Motion.

---

[1] Please note that because the Holland & Hart LLP attorneys involved in the representation of Petitioners are not members of the District of Columbia bar, they were not pre-registered for the ECF system.  Ms. Castle promptly registered for the ECF system, as a pro bono attorney, upon receiving this Court's Initial Electronic Case Filing Order.

2

**ARGUMENT**

The docket report for this action clearly designates Ms. Castle as "Lead Counsel, Attorney To Be Noticed". <u>Exhibit 1</u>. Respondents' counsel was therefore obliged to serve Ms. Castle with the Motion. Respondents acknowledge as much by conferring with Ms. Castle as to Petitioners' position on Respondents' proposed motion. Respondents then apparently elected to avoid service to lead counsel, perhaps anticipating and wanting to avoid a legitimate consideration of new issues raised in the Petition.

While Ms. Castle had not completed her online ECF registration on July 12, 2005, this did not excuse Respondents' counsel from serving her, as LCvR 5.4(d)(1) explicitly states:

> Electronic filing of any document operates to effect service of the document on counsel or pro se parties who have obtained CM/ECF passwords. ***Counsel or parties who have not yet obtained CM/ECF passwords must serve and be served as otherwise provided in F.R.Civ.P. 5(b)***. (Emphasis added).[2]

---

[2] Additionally, this Court's ECF User's Manual explains:

> ECF will electronically transmit the Notice of Electronic Filing to the attorneys and parties to the case who have supplied their EMail address to the Court. The ECF filing report also displays the names and addresses of individuals who will <u>*not*</u> be electronically notified of the filing. It is the **<u>filer's</u>** responsibility to serve hard copies of the pleading and the Notice of Electronic Filing to attorneys and parties who are not setup for electronic notification.

<u>See</u> ECF User's Manual for the U.S. District Court for District of Columbia at 21-22, available at http://www.dcd.uscourts.gov/DCDC_ECF_Manual_Rev_5.pdf (emphasis in original). Petitioners assume that counsel received notice that Ms. Castle would not be electronically notified of the filing, as Ms. Castle was lead counsel for Petitioners, but had not yet completed ECF registration at the time the Motion was filed.

3

Respondents' counsel was required to provide Ms. Castle with a hard copy of the Motion in accordance with FED.R.CIV.P. 5(b).

Respondents' counsel also failed to attach a Certificate of Service to the Motion. A certificate of service was required by this Court's local rules, as well as the Federal Rules of Civil Procedure. LCvR 5.4(d)(2) states: "A separate certificate or other proof of service showing that a paper copy was served on a party or counsel is required when that party or counsel does not receive electronic notification of filings." Rule 5(d) provides: "All papers after the complaint required to be served upon a party, *together with a certificate of servic*e, must be filed with the court within a reasonable time after service . . . ." FED.R.CIV.P. 5(d) (emphasis added). The lack of a certificate of service has made it more difficult for Petitioners' counsel to determine who, if anyone, was served with the Motion.

Due to Respondents' counsel's failure to serve Petitioners' lead counsel with the Motion, Petitioners have been denied the opportunity to respond to the Motion. This denial was caused by Respondents' counsel's mistake or misconduct. *See* FED.R.CIV.P. 60(b). Therefore, Petitioners' counsel's failure to respond to the Motion was excusable neglect, requiring relief from the August 1, 2005 Minute Order. *Id.* Justice requires that Petitioners be given the opportunity to respond to the Motion, as Petitioners' Petition contained distinct issues not addressed in other habeas petitions filed on behalf of Guantanamo Bay detainees. These issues ought to be presented to, and considered by, the Court, despite the pending appeals of *Khalid v. Bush*, *Boumediene v. Bush*, and *In re Guantanamo Detainee Cases*. *See* Motion for Stay at 1.

WHEREFORE, Petitioners respectfully request that this Court GRANT their Motion to Vacate the August 1, 2005 Minute Order and request that Petitioners be granted 11 days from such Order vacating the August 1, 2005 Minute Order to respond to the Motion.  A proposed order is attached hereto.

Dated this 10 day of August, 2005

Respectfully submitted,

Counsel for Petitioners:

/s Anne J. Castle
Anne J. Castle (Colorado State Bar #11202)
Scott S. Barker (Colorado State Bar #11177)
J. Triplett Mackintosh (Colorado State Bar #22359)
Douglas L. Abbott (Colorado State Bar #18683)
Hamid M. Khan (Colorado State Bar #34139)
Valerie L. Simons (Colorado State Bar #30218)
Barry C. Bartel (Colorado State Bar #23040)
Jonathan S. Bender (Colorado State Bar #33979)
Nicole P. Livolsi  (Colorado State Bar #36267)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Telephone:  (303) 295-8000

Of Counsel
Barbara J. Olshansky (New York State Bar #3635)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway
New York, New York 10012
Telephone: (212) 614-6439

**CERTIFICATE OF SERVICE**

I certify that on August 15, 2005 I served a copy of the foregoing document to the following by

☐ U.S. Mail, postage prepaid
☐ Hand Delivery
☐ Fax
☒ Electronic Service

Preeya M. Noronha, Esq.
U.S. Department of Justice
20 Massachusetts Ave., NW
Room 7226
Washington, DC 20530
preeya.noronha@usdoj.gov

3436323_1.DOC