IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOTAI SAIB, *et al.*,<br><br>      Petitioners,<br><br>v.<br><br>GEORGE W. BUSH,<br>    President of the United States,<br>    *et al.,*<br><br>      Respondents. | Civil Action No. 05-CV-1353 (RMC) |

**MEMORANDUM IN OPPOSITION TO PETITIONERS' MOTION TO
VACATE THE MINUTE ORDER STAYING PROCEEDINGS**

Respondents hereby oppose petitioners' motion to vacate the minute order staying proceedings in the above-captioned case.

**ARGUMENT**

On August 1, 2005, the Court properly determined that the above-captioned case should be stayed pending resolution of all appeals in Khalid v. Bush, Boumediene v. Bush, Nos. 04-CV-1142 (RJL), 04-CV-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory appeal, No. 05-5064 (D.C. Cir. Mar. 10, 2005), which will address the core issues presented by this case and, thus, determine how this case should proceed, if at all.[1]  See Minute Order dated August 1, 2005

---

[1] Petitioners claim that their petition contains "distinct issues not addressed in other habeas petitions filed on behalf of Guantanamo Bay detainees." Petitioners' Motion to Vacate the Minute Order Staying Proceedings (dkt. no. 3) at 4. The petition, however, raises issues that have been presented in almost every other Guantanamo detainee case and have been raised before the Court of Appeals, including: (1) whether petitioner has stated valid claims under the

(staying proceedings in this case pending the disposition of related appeals and applying the protective order and related orders previously entered in other Guantanamo Bay detainee cases to this case). As explained in respondents' motion to stay, it makes no sense for this case to proceed prior to resolution of the related appeals; further proceedings would require the expenditure of significant judicial and other resources that may be avoided as a result of the appeals, and, in any event, such proceedings very likely would have to be revisited or relitigated once the appeals are decided and the Court of Appeals provides guidance regarding handling of the claims in all of the Guantanamo Bay detainee cases. See Respondents' Motion to Stay Proceedings Pending Related Appeals and for Continued Coordination (dkt. no. 2).

Petitioners argue that the Court's order granting a stay of proceedings in this case should be vacated because counsel for respondents failed to serve Anne J. Castle of Holland & Hart LLP with respondents' motion to stay. See Pets' Mot. to Vacate at 3-4. On July 12, 2005, counsel for respondents filed respondents' motion to stay via the Court's CM/ECF system, which sent an electronic notification of such filing to Barbara J. Olshansky of the Center for Constitutional Rights, who appeared on the Court's docket as counsel for petitioners, and who was the only counsel of record for petitioners at that time. See Exhibit A (electronic notification of filing of respondents' motion to stay). Thus, all counsel of record were electronically notified of the filing of respondents' motion to stay, which constitutes service of the document pursuant to LCvR

---

Fifth Amendment to the United States Constitution and, if so, whether the procedures implemented by respondents to determine the status of petitioner violates his Fifth Amendment rights; (2) whether petitioner has stated valid claims under the Third Geneva Convention; (3) whether petitioner has stated valid claims based on various other legal theories, including other Constitutional provisions, other international treaties, Military regulations, the Administrative Procedures Act, the Alient Tort Statute, and customary international law. See Petition (dkt. no. 1).

5.4(d)(1), and satisfies the requirement of a certificate of service pursuant to LCvR 5.4(d)(2).[2] Although counsel for respondents was under no obligation to serve Ms. Castle, who was not named counsel of record for petitioners at the time of the filing of respondents' motion to stay, counsel for respondents ordinarily would have e-mailed her a courtesy copy of the filing, but neglected to do so in this instance due to the various and substantial litigation responsibilities arising out of the voluminous (and consistently increasing) number of Guantanamo detainee habeas petitions that are pending before the Court.[3] This inadvertent omission does not constitute grounds for vacating the Court's August 1, 2005 Minute Order, which was well-grounded for the reasons stated in respondents' motion to stay.

## CONCLUSION

For the reasons stated, petitioners' motion to vacate the minute order staying proceedings should be denied.

Dated: August 26, 2005                    Respectfully submitted,

                                          PETER D. KEISLER
                                          Assistant Attorney General

---

[2] Petitioners note that the Court's ECF User's Manual states that "[t]he ECF filing report also displays the names and addresses of individuals who will ***not*** be electronically notified of the filing" and that the filer must manually serve these individuals. See ECF User's Manual for the U.S. District Court for District of Columbia at 21-22 (emphasis in original). The ECF filing report did not indicate that any other individuals were required to be manually served with the respondents' motion to stay, thus, counsel for respondents were under no obligation to manually serve any other individuals. See Exhibit A.

[3] Counsel for respondents conferred with Ms. Castle on the day prior to filing respondents' motion to stay. See Pets' Mot. to Vacate, Ex. 2. Since Ms. Castle was aware that she was not listed as counsel of record on the docket at that time, it is unclear why she did not either consult with Ms. Olshansky or check the docket herself to determine whether respondents' motion was filed, which counsel for respondents indicated would be filed "within the next day or so." See id.

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents