IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                  )
MOTAI SAIB,                         )
    *et al.*,                            )
                                              )
    Petitioners,              )
                                              )   Civil Action No. 05-CV-1353 (RMC)
v.                                 )
                                              )
GEORGE W. BUSH,          )
    President of the United States,  )
    *et al.*,                            )
                                              )
    Respondents.            )
_____)

**PETITIONERS' REPLY IN SUPPORT OF MOTION TO VACATE
THE MINUTE ORDER STAYING PROCEEDINGS**

Petitioners, through their counsel, Holland & Hart LLP, respectfully submit this Reply in Support of their Motion to Vacate the Minute Order Staying Proceedings.

**ARGUMENT**

**I.**     **Respondents' Argument on the Merits of the Motion to Stay Does Not Excuse Their Failure to Properly Serve Petitioner.**

Respondents argue that their failure to serve lead counsel for Petitioner with their Motion to Stay is somehow excused by the merits of the Motion to Stay itself. Response at 1-2. Even if Respondents' arguments on the merits were meritorious, however, it does not relieve them of the fundamental obligation to properly serve Petitioner with the Motion to Stay.[1] The sole issue here is whether the August 1, 2005

---

[1] For obvious reasons, Petitioners need not address the merits of the Respondents' stay argument since that issue is not raised in this Motion. The merits will be addressed following the Court's ruling in the present matter. However, it should be noted here that Respondents' argument on the merits is not meritorious. Respondents argue that the Motion to Vacate should be denied because the Petitioner's Petition for Habeas Corpus ("Petition") does not raise any issue that is not already addressed in pending

1

Minute Order staying proceedings ought to be vacated because of Respondents' failure to properly serve Petitioner.

## II. Respondents Were Required To Serve Petitioner's Lead Counsel

Respondents next rely on the electronic notification of filing ("Notification") that Respondents' counsel received after filing the Motion to Stay as authority for the proposition that Petitioners' lead counsel did not have to be served. This argument is flawed for several reasons. First, the Notification can only serve as a certificate of service for those who actually receive it. Ms. Castle did not receive the Notification and, therefore, she was not served. *See* LCvR 5.4(d)(1) ("Electronic filing of any document operates to effect service of the document on counsel or pro se parties who have obtained CM/ECF passwords. *Counsel or parties who have not yet obtained CM/ECF passwords must serve and be served as otherwise provided in F.R.Civ.P. 5(b).*") (emphasis added).

Second, the Notification is not the proper document to review to determine which attorneys in a case must be served. The Notification is also not the case docket.[2]

---

appeals involving other Guantanamo detainees. Response at 1 – 2. This is not true. The Petition asserts several Constitutional challenges to the validity of Military Order No. 1, pursuant to which Petitioner Saib was, on information and belief, detained. *See* Petition at 9-24. It appears from the detailed recitation of challenges summarized in Judge Green's January 31, 2005, Memorandum Opinion that none of petitioners in those cases challenged the Military Order, and the Military Order is not even discussed in the Memorandum Order. *See* Memorandum Opinion of Jan. 31, 2005 at 15-16. The constitutionality of the Military Order is not the subject of the pending appeals upon which Respondents' argument on the merits is predicated.

[2] It appears that Respondents may be confusing the Notification with the docket. Respondents allege that Ms. Olshanksky appeared on the Court's docket as counsel for petitioners and that she "was the only counsel of record for petitioners at that time." Response at 2. However, Respondents fail to attach any docket that only lists Ms. Olshanksky. As Ms. Castle was the attorney who signed the Petition, it is highly unlikely that the docket ever failed to list her as "Lead Counsel, Attorney to be

2

The Notification simply tells the receiver that something has been filed and lists those attorneys who have been served via email. Attorneys of record who do not appear on the Notification still need to be served with a hard copy of the pleading. *See* LCvR 5.4(d)(1); FED.R.CIV.P. 5(b).

Respondents' counsel could have easily determined who needed to be served in this case by: (1) viewing the case docket, available on Pacer and the ECF Filing System, which clearly lists Ms. Castle as "Lead Counsel, Attorney to be Noticed" (attached hereto as <u>Attachment 1</u>); (2) accessing the "Query" tab of the ECF Filing System, entering the case number and viewing the "Attorneys" link, also clearly indicating Ms. Castle as "Lead Counsel, Attorney to be Noticed" (attached hereto as <u>Attachment 2</u>); or (3) looking at the signature block of the Petition, which Ms. Castle signed and filed. It was a simple matter for Respondents to determine who needed to be served on behalf of the Petitioner.

Further, it is nonsensical for Respondents' counsel to contend that Ms. Castle was not an "attorney of record" when the Motion to Stay was filed. An attorney of record is "[t]he lawyer who appears for a party in a lawsuit and who is entitled to receive, on the party's behalf, all pleadings and other formal documents form the court and from other parties." BLACKS LAW DICTIONARY 99 (7th ed. 2000). "Of record" is defined as "recorded in the appropriate records." *Id.* at 891. The Petition and docket were the only "records" or documents in this case before the Motion to Stay was filed. Ms. Castle was the attorney who signed the Petition and is clearly identified as "Lead

---

Noticed." The docket for this case was attached to Petitioners' Motion to Vacate and is also attached to this Reply. The Notification obviously only lists Ms. Olshanksky because, as explained in the Motion to Vacate, Ms. Castle had not yet completed registration for the ECF Filing System on July 12, 2005.

Counsel, Attorney to be Noticed" on the docket. *See* <u>Attachment 1</u>. Ms Castle therefore is, and has been, an attorney of record for Petitioners since the day the Petition was filed. Respondents' counsel recognized as much when Ms. Noronha contacted Ms. Castle to confer as to Petitioners' position on Respondents' proposed motion to stay.

Finally, it is also unpersuasive for Respondents' to argue that their failure to serve Ms. Castle was inconsequential because Ms. Castle could have "check[ed] the docket herself to determine whether respondents' motion was filed." Response at 3. The Federal Rules of Civil Procedure do not require that parties constantly monitor dockets to determine whether their opponents have filed something. Instead, the Rules clearly require the party filing a pleading or discovery request to serve it upon the opposing party's counsel. FED.R.CIV.P. 5(a), (b). The Respondents' failure to meet this elementary requirement requires that the Motion to Vacate be granted.

## CONCLUSION

For the reasons stated above and in Petitioners' Motion to Vacate, Petitioners' Motion to Vacate the Minute Order Staying Proceedings ought to be granted and Petitioners ought to be granted 11 days from such Order vacating the August 1, 2005 Minute Order to respond to Respondents' Motion to Stay.

4

Dated this 1 day of September, 2005

        Respectfully submitted,

        Counsel for Petitioners:

        /s Anne J. Castle
        Anne J. Castle (Colorado State Bar #11202)
        Scott S. Barker (Colorado State Bar #11177)
        J. Triplett Mackintosh (Colorado State Bar #22359)
        William E. Murane (Colorado State Bar # 2676)
        Douglas L. Abbott (Colorado State Bar #18683)
        Hamid M. Khan (Colorado State Bar #34139)
        Valerie L. Simons (Colorado State Bar #30218)
        Barry C. Bartel (Colorado State Bar #23040)
        Jonathan S. Bender (Colorado State Bar #33979)
        Nicole P. Livolsi  (Colorado State Bar #36267)
        HOLLAND & HART LLP
        555 Seventeenth Street, Suite 3200
        Denver, CO  80202
        Telephone:  (303) 295-8000

        Of Counsel
        Barbara J. Olshansky (New York State Bar #3635)
        CENTER FOR CONSTITUTIONAL RIGHTS
        666 Broadway
        New York, New York 10012
        Telephone: (212) 614-6439

**CERTIFICATE OF SERVICE**

 I certify that on September 1, 2005 I served a copy of the foregoing document to the following by

☐  U.S. Mail, postage prepaid
☐  Hand Delivery
☐  Fax
☒  Electronic Service

Preeya M. Noronha, Esq.
U.S. Department of Justice
20 Massachusetts Ave., NW
Room 7226
Washington, DC 20530
preeya.noronha@usdoj.gov

3446069_2.DOC