Review IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                  )
MOTAI SAIB,                       )
     et al.,                      )
                                  )
          Petitioners,            )
                                  )   Civil Action No. 05-CV-1353 (RMC)
     v.                           )
                                  )
GEORGE W. BUSH,                   )
     President of the United States, )
     et al.,                      )
                                  )
          Respondents.            )
_____ )
```

**PETITIONERS' REPLY TO RESPONDENTS' RESPONSE TO MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS AND FOR CONTINUED COORDINATION**

Petitioner Motai Saib, through his counsel, Holland & Hart LLP, respectfully submits this Reply to Respondents' Response in support of their Motion to Stay Proceedings Pending Related Appeals and for Continued Coordination.  Petitioner opposes the stay requested by Respondents, but does not oppose entry of the protective orders detailed in the Minute Order dated August 1, 2005.

## ARGUMENT

I.  **Respondents Do Not Challenge Petitioner's Position That The Claims Under The Military Order And PL 109-13 Are Not Addressed In The Pending Appeals.**

In their Response to Petitioner's Opposition to Respondents' Motion to Stay Proceedings Pending Related Appeals ("Response"), Respondents do not challenge Petitioner's previous assertions that the pending appeals address neither the Military Order of November 13, 2001 ("Military Order") nor PL 109-13.  Instead, Respondents claim that the Motion to Stay should be granted *even though* Petitioner has asserted

1

claims that *will not be resolved* in the pending appeals. However, there is no justification for granting a stay where the pending appeals forming the basis for the requested stay do not address issues raised in the case in which stay has been requested. In order to avoid this inescapable logic, Respondents rely solely on their counsel's contentions that Petitioner Saib is not detained pursuant to the Military Order and that he has no private right of action under PL 109-13. As discussed below, Respondents' claim concerning the authority pursuant to which Saib is detained must be subject to further discovery as inconsistent statements on this issue have been made by Respondents in this Court. Further, the argument that PL 109-13 does not confer a private right of action provides no basis for a stay of proceedings; rather, such an allegation can be the subject of further motion practice, but does not require further delay in reaching the merits of the Petition.

Because Respondents' arguments in support of their Motion to Stay fail, the Court should deny their Motion and permit this case to proceed.[1]

## II. Respondents' Inconsistent and Nonsensical Positions Regarding The Military Order Do Not Justify a Stay of This Proceeding.

At the hearing on November 28, 2005 on Petitioner's Motion to Vacate the Minute Order Staying Proceedings, and again in their Response, Respondents' counsel for the first time claimed that Petitioner is not being detained pursuant to the Military Order, but is rather being detained under the general authority of the President as Commander-in-Chief, the congressional Authorization for Use of Military Force, and

---

[1] As Petitioners have previously stated, if necessary, Petitioner's claims based on the Military Order and PL 109-13 can be carved out and bifurcated from other claims in the Petition, and the carved out claims can be pursued while the other claims are stayed pending the outcome of the cases on appeal.

the international law of war.  This contention is clearly at odds with the findings in *Khalid*.[2]  Further, Respondents have presented no evidence – not one piece of paper, official or otherwise -- in support of their counsel's assertion, but have made only unsupported allegations that Petitioner's detention is not based on the Military Order.  Response, at 4-5.[3]  Finally, the fine distinctions and word games proffered by Respondents are unconvincing and cannot serve as the basis for further delay in addressing the merits of Petitioner's request for a writ of habeas corpus.

Petitioner has good reason to question Respondents' contention that his detention is not based on the Military Order.  In the case of the *Petition of Shafiiq*, Case No. 05CV1506, after claiming on September 22, 2005 that the Petitioner Shafiiq was not being detained under the Military Order,[4] Respondents changed their position, revealing that Shafiiq was determined by the President <u>on July 6, 2004</u> to be "subject to his Military Order of November 13, 2001."[5]

When this example of inconsistency in the *Shafiiq* case was pointed out here as a basis for questioning the assertion that Petitioner Saib is not subject to the Military Order, Respondents made the following incomprehensible statements:

---

[2] "Pursuant to this order [Military Order of Nov. 13, 2001], the United States has targeted and captured, to-date, a large number of foreign nationals both on and off the battlefields of Afghanistan and transported them for detention to Guantanamo Bay, Cuba." *Khalid v. Bush,* 355. F.Supp 2d 311, 315 (D.D.C. 2005).

[3] As described in Petitioner's Opposition, Petitioner's counsel has requested any documentation available describing the process by which certain detainees are "designated" or not pursuant to the Military Order.  *See* email message attached to Petitioner's Opposition as Exhibit A.  Still no response has been received.

[4] *See Shafiiq v. Bush*, Case No. 05-CV-1506, Respondents' Reply in Support of Motion for Order to Show Cause Why Case Should Not be Dismissed for Lack of Proper "Next Friend" Standing or, in the Alternative, to Stay Proceedings Pending Related Appeals, filed Sept. 22, 2005, at 12 n.14.

[5] Exhibit B to Petitioner's Opposition, at p. 1, para. 1.

"Respondents did not 'represent that 'Petitioner Shafiiq was not being detained pursuant to the Military Order,' . . .

but rather that the basis for [Shafiiq's] detention as enemy combatants is not pursuant to the [Military] Order."

Response, at 5 n.4.

In contrast, the charge against Shafiiq states clearly that the President had determined more than a year before that Shafiiq was subject to his Military Order.[6] This shell game is patronizing and arrogant, makes no sense, and only proves that Respondents are doing all they can to avoid litigating this case on the merits. Respondents appear to take whatever position is most expedient, and then dodge that position when it no longer works in their favor. Recent events involving the Foreign Intelligence Surveillance Act and Respondents' position that they are not subject to the statutes that govern such surveillance are eerily similar to the allegations made here that Respondents are not subject to the Military Order that was intended to govern just this situation.[7]

Respondents' conduct underscores the necessity of a factual inquiry into the authority for this Petitioner's detention and the basis for invoking the Military Order. This Court should deny Respondents' motion to stay proceedings and permit Petitioner to conduct discovery on this issue.

### III. Requiring Respondents To File A Factual Return Is Not Overly Burdensome And Is Appropriate In This Case.

In Response to Petitioner's request for a factual return, Respondents raise purported concerns about the disclosure of classified information via a factual return.

---

[6] Opposition, Exhibit B, p. 1, para. 1.

[7] *New York Times,* "Bush Lets U.S. Spy on Callers Without Courts," December 16, 2005.

4

However, such concerns are groundless, as the protective order entered in this case will fully guard against such disclosure. Respondents also assert that, if they have to respond to every petition for writ of habeas corpus filed by detainees at Guantanamo Bay, the burdens will be significant. Yet, Respondents have failed to make more than generalized assertions regarding the administrative burdens associated with filing factual returns. *See Zalita v. Bush*, No. 05-CV-1220 (RMU), slip op. at 2 (D.D.C. July 25, 2005) ("the government's generic references to the expenditure of its resources and a 'logistical burden' [citation omitted] does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task").

In fact, the filing of factual returns does not require a significant amount of Respondents' time and resources. The information contained in a factual return has already been gathered and synthesized in the record of the proceedings before the Combatant Status Review Tribunal ("CSRT"). Thus, Respondents simply need to review the information from the CSRT in order to redact classified material before submitting a factual return in response to a Writ of Habeas Corpus. Factual returns have been submitted by Respondents in many, many cases already.[8] Clearly, requiring the submission of a factual return in this case is administratively feasible and not overly burdensome, particularly given that the best information available indicates that Petitioner has now been detained in Guantanamo without charge for over three years.

---

[8] See, e.g. *In re Guantanamo Detainee Cases*, Civil Action Nos. 02-CV-0299 (CKK), 02-CV-0828 (CKK), 02-CV-1130 (CKK), 04-CV-1135 (ESH), 04-CV-1136 (JDB), 04-CV-1137 (RMC), 04-CV-1142 (RJL), 04-CV-1144 (RWR), 04-CV-1164 (RBW), 04-CV-1166 (RJL),04-CV-1194 (HHK), 04-CV-1227 (RBW), 04-CV-1254 (HHK).

5

## CONCLUSION

For the reasons stated above, Respondents' Motion to Stay Proceedings Pending Related Appeals and for Continued Coordination must be denied. Petitioners further request that the Court order that Respondents provide Petitioners with a factual return in response to the Petition within a reasonable time, and that Petitioner be granted the right to discover the basis for his detention.

Dated this 23rd day of December, 2005

Respectfully submitted,

Counsel for Petitioners:

/s Anne J. Castle
Anne J. Castle (Colorado State Bar #11202)
Scott S. Barker (Colorado State Bar #11177)
J. Triplett Mackintosh (Colorado State Bar #22359)
William E. Murane (Colorado State Bar # 2676)
Douglas L. Abbott (Colorado State Bar #18683)
Hamid M. Khan (Colorado State Bar #34139)
Valerie L. Simons (Colorado State Bar #30218)
Barry C. Bartel (Colorado State Bar #23040)
Jonathan S. Bender (Colorado State Bar #33979)
Nicole P. Livolsi  (Colorado State Bar #36267)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Telephone:  (303) 295-8000

Of Counsel
Barbara J. Olshansky (New York State Bar #3635)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway
New York, New York 10012
Telephone: (212) 614-6439

## CERTIFICATE OF SERVICE

I certify that on December 23, 2005 I served a copy of the foregoing document to the following by

☐ U.S. Mail, postage prepaid
☐ Hand Delivery
☐ Fax
☒ Electronic Service

Preeya M. Noronha, Esq.
U.S. Department of Justice
20 Massachusetts Ave., NW
Room 7226
Washington, DC 20530
preeya.noronha@usdoj.gov

3492000_2.DOC