CLEARED FOR PUBLIC FILING
BY CSO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOTAI SAIB,<br>　　*et al.*,<br>　　　　Petitioners,<br><br>　　v.<br><br>GEORGE W. BUSH,<br>　　President of the United States,<br>　　*et al.*,<br><br>　　　　Respondents. | Civil Action No. 05-CV-1353 (RMC) |

### PETITIONERS' OPPOSITION TO RESPONDENTS' MOTION FOR ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF PROPER "NEXT FRIEND" STANDING

Motai Saib, who is the detainee, and Bisher Al-Rawi, who is the next friend of Motai Saib ("Petitioners"), through their attorneys, Holland & Hart, LLP, respectfully oppose the Respondents' Motion for Order to Show Cause Why Case Should Not be Dismissed for Lack of Proper "Next Friend" Standing ("Motion").[1]

Respondents have acknowledged that Motai Saib and other detainees are entitled to be represented by counsel for the purpose of seeking a writ of habeas corpus. Motion at 5-6; Exhibit A to Motion at ¶ 7. They suggest that there are processes by which

---

[1]　Footnote 1 to Respondents' Motion erroneously states that the Detainee Treatment Act of 2005 (the "Act") amends 28 U.S.C. § 2241 to remove this Court's jurisdiction over this pending petition for writ of habeas corpus. To the contrary, the Act expressly applies <u>prospectively only</u>; as such, the Act can have no effect on this petition.

detainees are notified of their right to file a habeas petition (including through a "friend") and to request counsel. Motion at 4-6; Exhibit A to Motion at ¶¶ 3, 7. They tout a process negotiated with the American Bar Association ("ABA"), thereby acknowledging that there should be a meaningful procedure for advising detainees of their habeas rights and for allowing them to request representation by counsel. Respondents do not mention, however, that no Guantanamo detainee can now file a habeas petition as this Court no longer has jurisdiction to hear them. Respondents do not allege that Motai Saib has filed a *pro se* habeas petition or had a petition filed for him by ABA counsel. Therefore, all of the "alternatives" suggested by Respondents are illusory. Motai Saib's only means of challenging his detention and having the assistance of counsel to do so, as he told his next friend he wished to do, is through the pending Petition.

The Court should deny the Respondents' motion. Petitioners respectfully suggest that the issues raised by Respondents' Motion be referred to Magistrate Judge Kay for inclusion in an ongoing process under which counsel for Petitioners can gain access to their client's next friend, in order to allow Petitions to provide further information on the nature of the relationship between the next friend and the primary Petitioner.

## ARGUMENT

Motai Saib's Petition for Writ of Habeas Corpus was filed in his own name and also on his behalf by Bisher Al-Rawi as his next friend. After first arguing that the case

should be stayed,[2] Respondents now assert that the Petitioners have not established proper "next friend" standing and the case should be dismissed. It is neither necessary nor appropriate, however, for the Court to issue an order to show cause and Respondents' motion should be denied.[3]

The very need for Mr. Al-Rawi to act as Motai Saib's "next friend" is due to Respondents' *own* policies. According to the Department of Defense ("DOD"), the only counsel currently provided access to the detainees are counsel who are employed or retained by or on behalf of a detainee for purposes of representing the detainee in habeas corpus or other litigation in federal court in the United States...." Nov. 2, 2004 Letter to Mr. Shayana Kadidal, Exhibit E to Declaration of Barbara Olshansky dated September 9, 2005 (attached hereto as Exhibit 1). Therefore, under Respondents' own procedures, counsel must first file a habeas corpus petition on behalf of a detainee in order to meet with the detainee, and the only petition that counsel can file before such a meeting is a next friend petition.

Ironically, Respondents now attack the very process they established. The written notifications Respondents cite in support of their Motion specifically state "you may ask a *friend*...to file such a petition with the Court." *See* Declaration of Frank Sweigart, Exhibit A to Motion at ¶¶ 3-5 and attached exhibits (emphasis added). In

---

[2] The Court currently has under advisement Petitioners' position on the stay issue, filed December 6 and 23, 2005. As the Court knows, Petitioners have not acquiesced in a stay of this proceeding. Petitioners have requested leave to discover the basis for Motai Saib's detention, since Respondents have provided nothing beyond statements of their counsel, statements that have changed over time to suit the Respondents' needs.

[3] Petitioners reserve their legal and factual arguments in support of standing for briefing in the event the Court issues an order to show cause.

short, Respondents freely acknowledge that Motai Saib and other detainees are entitled to be represented by counsel for purposes of seeking a writ of habeas corpus. Mr. Sweigart declares that unnamed detainees in various categories have been informed that they could file a writ of habeas corpus in federal court if they want to challenge the lawfulness of their detention. *See* Declaration of Frank Sweigart, ¶¶ 3-5, and Exhibits A, B and C.[4] The notifications state, *inter alia*:

> You may ask a friend or family member or a lawyer to file such a petition with the Court. If you do not have a lawyer or a family member or a friend who could file this petition for you, you may file your own petition.

Mr. Sweigart also describes a process the DOD has negotiated with the American Bar Association ("ABA") by which "the ABA has agreed to recruit volunteer counsel for *pro se* petitioners and other detainees who may desire representation." Declaration of Frank Sweigart, ¶7 and Exhibit E thereto. Mr. Sweigart's Declaration states, however, that notification of the possibility of obtaining an ABA lawyer was delivered only to detainees who had already filed a *pro se* petition. Motai Saib has not filed such a petition.

More importantly, however, the legislation described in Respondents' Notice of Supplemental Authority filed January 4, 2006 makes the ABA process meaningless. The Defense Appropriations Act of 2006 does not allow for a new habeas petition to be

---

[4] Petitioners do not concede the adequacy of the notifications described in Mr. Sweigart's Declaration and reserve all arguments in that regard. Moreover, Mr. Sweigart does not provide *any* information specifically about Motai Saib. He does not confirm what category of detainee Motai Saib falls within or that a notification was in fact served upon him. He does not reveal whether the notification was provided in a language Motai Saib can understand, whether Motai Saib in fact understood his rights as set forth in the notification, or whether he was in a position to act on those rights.

filed by a Guantanamo detainee, whether represented by counsel or otherwise. Nor does it allow for a re-filing of a habeas petition by a Guantanamo detainee if a pending petition is dismissed. If dismissal of this case were to result because of a narrow view of next friend standing, then Motai Saib cannot take advantage of the ABA procedure or any other, as jurisdiction to hear new habeas cases has been stripped from the federal district courts. The reference in the Motion and exhibits to the ABA process is a smokescreen.

In addition, the next friend authorization of Motai Saib for Bisher Al-Rawi demonstrates not only the relationship between Motai Saib and his next friend but also the fact that Respondents themselves have created the situation in which the detainees must resort to the use of next friends for the filing of habeas petitions. The next friend authorization letter also illustrates the difficulties created by Respondents for the next friends in establishing the status that Respondents now seek to require. The next friend letter of Bisher Al-Rawi to Brent Mickum attached to the Petition in this case states, in part, the following:

> I had read to the detainees your [unreadable] (only the parts relevant to them) and incorraged [sic] them to forward there [sic] names to you in the hope that they will be assisted in obtaining legal help. A number of them forwarded there [sic] details to me so I can send them to you, and I am enclosing these details with this letter.
>
> However, there are some points worth noting with regards to this matter:
>
> -- I was only able to inform the Block I am at, which has about 40 detainees.
>
> \*              \*              \*

> -- There is also strong doubt about these letters, and weather [sic] they will reach you.
>
> *         *         *
>
> The above are some of the important reasons that are hindering Detainees contact with the outside world and with lawyers. Also as I mentioned in one of my previous letters, if I was found with the names of other Detainees I am certain to face some sort of punishment.
>
> *         *         *
>
> This is a list of those who want legal assistance and representation:
>
> [Information concerning Motai Saib]

*See* Exhibit 2, Bisher Al-Rawi Next Friend Authorization.

The next friend letter demonstrates with particular clarity the difficulties created by Respondents for detainees to make their way through the tangle of rules, enforced isolation, and, possibly, punishment in order to make their request for legal representation known. Respondents cannot be permitted to use the difficulties they have established to thwart legitimate requests for legal representation by the detainees to challenge their detention. *Id.*

This Court has the power to excuse procedural defects that would otherwise defeat *habeas* jurisdiction if cause and prejudice are demonstrated. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); *United States v. McKie* 73 F.3d 1149, 1154, (D.C. Cir. 1996). Under the cause and prejudice test, a petitioner demonstrates cause by showing "that some objective factor external to the defense impeded efforts to comply with the State's procedural rule". *High v. Ignacio*, 408 F.3d 585, 590 (9th Cir. 2005) (quoting *Pizzuto v. Arave*, 280 F.3d 949, 975 (9th Cir. 2002)). "Thus, cause is an

external impediment *such as government interference* or reasonable unavailability of a claim's factual basis." *Id.* (emphasis added).[5] Here, there is every reason to believe that Respondents themselves are blocking Petitioners and his next friend from meeting the procedural technicalities they raise to preclude this Court from hearing the case on the merits.

The timing of the government's motion for order to show cause in this case is particularly invidious. Motai Saib's petition was filed July 7, 2005. While a motion to stay and for protective order was filed by the Respondents shortly after the Petition was filed, no challenge to the next friend status was made until six months later, on January 5, 2006. During that six-month period, counsel for Petitioners sought security clearances that would allow them to contact and consult with Mr. Saib. The security clearances took over five months to obtain. When the clearances were provided in December 2005, counsel for Petitioners immediately began the scheduling of a visit to Guantanamo Bay. Counsel for Petitioners intended to use this visit to consult with Motai Saib and another client-detainee, Dr. Abu Mohammed a/k/a Fethi Boucetta (Case No. 05CV2087 (RMC)). Although an immediate visit was requested, Respondents take the position that only one counsel team can visit Guantanamo Bay at any time and, therefore, have not allowed such visit to take place until mid-February.

---

[5] The cases cited in the text were decided under 28 U.S.C. §§ 2254 and 2255, which apply to *habeas* proceedings in criminal cases in U.S. courts. If this Court can excuse procedural defects that would otherwise deprive it of jurisdiction in traditional *habeas* cases, where the prisoners have been afforded many procedural protections, then surely this Court has a similar power here where prisoners have been afforded no such protections.

Only after the protracted process of scheduling this visit was nearly complete did Respondents file the next friend challenge to Motai Saib's petition. Respondents now take the position that counsel for Petitioners cannot meet with Motai Saib because the next friend challenge is pending. The timing of these events suggests that Respondents have intentionally disrupted counsel's good faith efforts to consult with this Motai Saib.

There is a solution to the issues raised by Respondents' motion, a solution that is already being pursued in other next friend petitions facing similar challenges in *Nabil v. Bush* (Case No. 05CV1504(RMC)), *Shafiiq v. Bush* (Case No. 05CV1506(RMC)), and *Al Hawary v. Bush* (Case No. 05CV1505 (RMC)). In those cases, Judge Oberdorfer reserved ruling on the next friend issue, and instead referred the matter to Magistrate Judge Kay to mediate access to the affected Petitioners and/or their next friends. Together with Magistrate Kay, counsel for the Petitioners and Respondents agreed that cooperating counsel at the Center for Constitutional Rights would be allowed access to several next friends during a scheduled visit to Guantanamo. In fact, during December 12 –15, 2005, one of the Guantanamo detainees' counsel, with agreement of Respondents' counsel, was able to meet with at least some of the next friends. Notes from those contacts are in the process of being reviewed for declassification. Once they become available, it is expected that their content will moot the "next friend" motions filed by Respondents.

This process could move forward in the next month. Counsel from Holland & Hart will be at Guantanamo Bay in mid-February to meet with other clients. If Respondents would agree, as they have already done in other cases, these lawyers could

also meet Petitioner Saib's next friend at that time. It should be noted that the Protective Order allowing and governing counsel access to Guantanamo detainee clients is in place in this case.

WHEREFORE, Petitioners respectfully request that the Court deny Respondents' Motion for Order to Show Cause, refer this matter to Magistrate Judge Kay to mediate access to Petitioner Saib's next friend to resolve the issues raised by Respondents' Motion, and order that counsel for Petitioners be allowed to meet with next friend Bisher Al-Rawi during their scheduled visit to Guantanamo.

Respectfully submitted,

Counsel for Petitioners:

*/s/ Anne J. Castle*
Anne J. Castle (Colorado State Bar #11202)
Scott S. Barker (Colorado State Bar #11177)
J. Triplett Mackintosh (Colorado State Bar #22359)
William E. Murane (Colorado State Bar #2676)
Douglas L. Abbott (Colorado State Bar #18683)
Hamid M. Khan (Colorado State Bar #34139)
Danielle R. Voorhees (Colorado State Bar #35929)
Valerie L. Simons (Colorado State Bar #30218)
Barry C. Bartel (Colorado State Bar #23040)
Jonathan S. Bender (Colorado State Bar #33979)
Nicole P. Livolsi (Colorado State Bar #36267)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8000

Of Counsel
Barbara J. Olshansky (New York State Bar #3635)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway
New York, New York 10012
Telephone: (212) 614-6439

## CERTIFICATE OF SERVICE

I certify that on January 12, 2006, I served a copy of the foregoing document to the following by electronic filing.

c/o Preeya Noronha
Peter D. Keisler
Joseph H. Hunt
Kenneth L. Wainstein
Douglas N. Letter
Vincent M. Garvey
Terry M. Henry
James J. Schwartz
Robert J. Katerberg
Nicholas J. Patterson
Andrew I. Warden
Edward H. White
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. Room 7144
Washington, DC 20530
preeya.noronha@usdoj.gov

3498736_1.DOC