IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOTAI SAIB, *et al.*,<br><br>        Petitioners,<br><br>    v.<br><br>GEORGE W. BUSH,<br>    President of the United States,<br>    *et al.*,<br><br>        Respondents. | Civil Action No. 05-CV-1353 (RMC) |

**RESPONDENTS' REPLY IN SUPPORT OF MOTION FOR ORDER
TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED
FOR LACK OF PROPER "NEXT FRIEND" STANDING**

Respondents hereby submit this reply memorandum in support of their motion for order to show cause why this case should not be dismissed for lack of proper "next friend" standing.

As an initial matter, on December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of such aliens held as enemy combatants. Id. § 1005(e)(1), (h)(2).[1] In light of this, and given the new, statutory withdrawal of the Court's jurisdiction, a stay of all proceedings in this case, including with respect to

---

[1] Thus, counsel's assertion that "Motai Saib's only means of challenging his detention . . . is through the pending Petition," Pets' Opp. at 2, is incorrect. Mr. Saib may challenge the Combatant Status Review Tribunal's determination that he is an enemy combatant by petitioning the D.C. Circuit for review of this determination pursuant to 28 U.S.C. § 1005(e)(2).

respondents' motion for order to show cause, is appropriate pending the resolution of the effect of the Act. Indeed, our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions.[2] Accordingly, absent further direction from the Court, the parties should not be required to submit further substantive filings in this case. Nonetheless, in an abundance of caution regarding this understanding, respondents submit this reply memorandum in support of their motion for order to show cause.

    Petitioners must establish that they have proper standing to sue before the Court can exercise jurisdiction over the above-captioned case, and petitioners have yet to do so here. Bisher Al-Rawi, the detainee who seeks habeas relief on behalf of Motai Saib, another individual detained at Guantanamo Bay, has not demonstrated that he possesses proper "next friend" standing under the two-pronged standard articulated by the Supreme Court in Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990). Petitioners attempt to circumvent this critical requirement by complaining that respondents' conduct somehow necessitated this jurisdictionally deficient petition, which should thereby compel the Court to ignore established precedent and excuse petitioners from the next friend standing requirements. Petitioners' position, however, lacks both factual and legal merit. Petitioners bear the burden of establishing why the above-captioned petition for writ of habeas corpus, not directly authorized by the particular detainee at Guantanamo Bay for whom habeas relief is sought, but instead brought by another detainee

---

[2] The effect of the Act will be addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit with an initial brief by respondents due on January 18, 2006, an opposition by petitioners due on January 25, 2006, and respondents' reply due on February 1, 2006.

claiming to act as his "next friend," should not be dismissed for lack of proper next friend standing. Absent proper standing to sue, this case should be dismissed for lack of jurisdiction.

Respondents have agreed to permit cleared counsel in this case, who are visiting Guantanamo Bay to meet with a detainee whom they properly represent in another case, to meet also with the putative next friend in this case. This will permit counsel another opportunity to satisfy the requirements for next friend standing. If petitioners are still unable to meet their burden of demonstrating next friend standing after this visit, the petition should be dismissed for lack of jurisdiction.

## ARGUMENT

The detainee claiming to act as "next friend" for another detainee on whose behalf habeas relief is sought in this case bears the burden of establishing proper standing to sue as a prerequisite to the Court's exercise of jurisdiction over this petition. See Elk Grove Unified School District v. Newdow, 124 S. Ct. 2301, 2308 (2004) ("In every federal case, the party bringing the suit must establish standing to prosecute the action."); Warth v. Seldin, 422 U.S. 490, 517-18 (1975) ("The rules of standing, whether as aspects of the Art. III case-or-controversy requirement or as reflections of prudential considerations defining and limiting the role of the courts, are threshold determinants of the propriety of judicial intervention."). To establish standing in this "next friend" case, therefore, petitioners must demonstrate that (1) the detainee for whom habeas relief is sought — the real party in interest — cannot challenge the legality of his detention himself; and (2) the purported "next friend" has a significant relationship with this detainee to show that he is truly dedicated to the detainee's best interests. See Whitmore, 495 U.S. at 163-64. Petitioners have yet to satisfy either requirement.

As explained in the declaration submitted in support of respondents' motion, respondents have provided every detainee with adequate means and opportunity to file a habeas petition in order to meaningfully challenge the lawfulness of his detention. The Department of Defense ("DoD") has notified each of its detainees at Guantanamo Bay of his right to file a petition for habeas corpus ("You may ask a civilian judge to look at the lawfulness of your detention . . ."), and has provided each detainee with the address of the United States District Court in the event that he desires to submit his own petition to the Court. See (Second) Declaration of Frank Sweigart, ¶¶ 3-5. All detainees possess the opportunity to send and receive mail through the Military's mail delivery and collection system or through the International Committee for the Red Cross. See id., Ex. D. As a result, all detainees may write to friends, family members, or attorneys to request assistance with filing a habeas petition, if they so desire, or they may write and send a *pro se* petition to the Court themselves, as many detainees have. Aside from some generalized characterizations of the alleged conditions of confinement at Guantanamo Bay, see Pets' Opp. at 5-6, petitioners have submitted no evidence that Motai Saib, the detainee who is purportedly seeking habeas relief in the above-captioned case, is unable to take advantage of these opportunities.[3] Moreover, DoD has taken affirmative steps to facilitate legal representation

---

[3] See Ahmed v. Bush, No. 05-CV-0665 (RWR) (Order dated May 24, 2005) (dkt. no. 12) ("The petition presumes, rather than demonstrates through facts, that Ahmed has been denied access to the courts of the United States. . . . In light of the fact that several pro se petitions have been filed recently by Guantanamo Bay detainees, Ahmed's lack of access to this court cannot be presumed, but must be established."); Hamlily v. Bush, No. 05-CV-0763 (JDB) (Order dated October 3, 2005) (dkt. no. 16) ("[The petition] states only that [Hamlily] is 'being held essentially communicado' and that 'his family members have not been able to contact U.S. counsel to file a petition on his behalf.' . . . There is a serious question as to whether this alone is sufficient to establish Hamlily's inability to prosecute this action on his own behalf."); Ahmed Doe v. Bush, No. 05-1458 (ESH), et al., (Order dated November 4, 2005) (dkt. no. 10) (Oberdorfer, J.) ("Petitioners do not explain why the detainees that they purport to represent as

for detainees who have indicated a desire to challenge the legality of their detention, including detainees who have already submitted *pro se* petitions to the Court, by providing them with a form to complete and mail to the American Bar Association ("ABA"), which has agreed to recruit volunteer counsel for detainees desiring representation.[4]  See (Second) Sweigart Declaration, ¶ 7.  Petitioners cannot reasonably argue that the detainees at Guantanamo Bay are unable to seek habeas relief when scores of cases involving well over 300 detainees are pending before the Court,[5] including 56 *pro se* petitions that detainees mailed directly to the Court.  Based

---

next friends are in a materially different position than the detainees who have filed petitions with this Court.").

[4]  Petitioners contend that respondents "have acknowledged that Motai Saib and other detainees are entitled to be represented by counsel for purposes of seeking a writ of habeas corpus."  See Pets' Opp. at 1.  By facilitating these detainees' ability to acquire legal representation, however, respondents have not conceded in any way that all detainees have a "right" to counsel.  Respondents' delivery of the ABA Notification does not impose an obligation on respondents, or the Court, to automatically assign counsel to every detainee at Guantanamo Bay regardless of a detainee's desire to pursue legal recourse in court.

In addition, petitioners' contention that the Detainee Treatment Act of 2005 renders the ABA notification "meaningless" and a "smokescreen" because this Court no longer has jurisdiction over habeas petitions filed by Guantanamo Bay detainees, see Pets' Opp. at 4-5, reflects petitioners' misunderstanding of the plain language of the Act.  The Act provides all Guantanamo Bay detainees who are held as enemy combatants, including Motai Saib, with the ability to challenge the validity of the CSRT's determination that they are properly classified as enemy combatants in the United States Court of Appeals for the D.C. Circuit.  See 28 U.S.C. § 1005(e)(2).  See also supra, note 1.  Thus, although this Court no longer has jurisdiction over this case, see 28 U.S.C. § 1005(e)(1), (h)(2), Mr. Saib may challenge his detention as an enemy combatant in the D.C. Circuit pursuant to 28 U.S.C. § 1005(e)(2).  Moreover, any new challenges mailed by Guantanamo Bay detainees to the District Court pursuant to notifications provided to them by the Department of Defense would presumably be forwarded or transferred to the D.C. Circuit to proceed as § 1005(e)(2) challenges.

[5]  There are nearly 200 cases pending before the Court on behalf of approximately 600 petitioners, although this number includes detainees who filed multiple petitions.  Respondents have also been unable to identify more than 100 of these petitioners as detainees at Guantanamo Bay.

on this record, and absent any credible and specific evidence to the contrary, petitioners have yet to satisfy the first prong of the Whitmore test.[6]

The purported "next friend" in the above-captioned case has also yet to demonstrate that he has a "significant relationship" with Motai Saib such that he is "truly dedicated to [his] best interests." See Whitmore, 495 U.S. at 163-64. Aside from a letter from Bisher Al-Rawi to his counsel that indicates only Mr. Al-Rawi's belief that Mr. Saib desires legal representation to challenge his detention, petitioners have not provided any evidence to show that Mr. Al-Rawi has any sort of "significant relationship" with Mr. Saib, the detainee on whose behalf he claims to seek habeas relief. The Court is left with no basis from which to conclude that this so-called next friend knows Mr. Saib in any meaningful way so as to ensure that he will genuinely pursue Mr. Saib's desires and interests, which is one of the primary motivations behind the next friend standing doctrine. See Whitmore, 495 U.S. at 164 ("These limitations on the 'next friend' doctrine are driven by the recognition that it was not intended that the writ of habeas corpus should be availed of, as a matter of course, by intruders or uninvited meddlers, styling themselves next friends.") (internal quotations omitted). Absent proof that evidences a significant

---

[6] Petitioners improperly blame respondents for neglecting to supply details about the circumstances under which Motai Saib was notified of his ability to seek habeas relief. See Pets' Opp. at 4, n. 4. Not only does this ignore that it is *petitioners'* burden to establish that Mr. Saib is unable to challenge the legality of his detention so as to justify next friend standing in this case, see Whitmore, 495 U.S. at 154 ("[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue . . ."); id. at 163 ("'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another."), it disregards the fact that a large number of *pro se* and other petitions have been filed in response to the notices provided to detainees regarding their ability to contact the Court or others to pursue habeas relief.

relationship, petitioners cannot demonstrate proper next friend standing, and the Court cannot exercise jurisdiction over the petition in this case.[7]

Because petitioners have not satisfied either requirement for next friend standing as articulated by the Supreme Court in Whitmore, petitioners seek to blame respondents for their own failures by asserting baseless accusations of respondents' allegedly obstructionist behavior which supposedly left petitioners with no recourse but to file a jurisdictionally deficient petition. See Pets' Opp. at 5-6; Ex. 1.  The fact that scores of cases involving well over 300 detainees are pending before the Court establishes that respondents have not confined the detainees in conditions that preclude them from vindicating their right to challenge the lawfulness of their detention and confirms that the detainees can effectively access the courts and counsel if they choose to do so.  Petitioners cannot escape the fundamental legal principle that "[i]n every federal case, the party bringing the suit must establish standing to prosecute the action." Elk Grove Unified School District v. Newdow, 124 S. Ct. 2301, 2308 (2004).  As demonstrated

---

[7] See Ahmed v. Bush, No. 05-CV-0665 (RWR) (Order dated May 24, 2005) (dkt. no. 12) ("The petition does not provide basic personal facts about Ahmed, such as his citizenship, his age, whether he is married or has a family, the place of his arrest or capture, and the places of detention, if any, prior to his being transported to Guantanamo Bay.  The absence of such facts leaves the impression that Hassen does not know even this much about Ahmed and his situation."); Hamlily v. Bush, No. 05-CV-0763 (JDB) (Order dated October 3, 2005) (dkt. no. 16) ("The Court notes the total lack of any basic facts about Hamlily in the petition or other filings in this case -- most notably, the absence of any details concerning Hamlily's individual conditions of confinement (in contrast to the detainee population at large), including interrogations of Hamlily, inadequacies in his diet or medical care, or restrictions on, or interference with, the practice of his religion.  This lack of necessary factual information suggests that Aamer does not have a 'significant relationship' with Hamlily."); Othman v. Bush, No. 05-CV-2088 (RWR) ("The petition alleges no facts and attaches no declarations or affidavits about the length or nature of the acquaintance, the basis for the Court to trust that Al Wahab will pursue Othman's best interests, or even whether Al Wahab has discussed his proposed next friend status with Othman and received Othman's consent.").

above, all detainees may write to friends, family members, or attorneys to request assistance with filing a habeas petition, or they may submit a *pro se* petition to the Court themselves. Counsel for petitioners in the above-captioned case chose to file this petition through another detainee purporting to act as next friend,[8] and now petitioners bear the burden of establishing that this detainee possesses proper next friend standing under the Supreme Court's Whitmore test.[9]

Petitioners should not be excused from the requirements for next friend standing articulated by the Supreme Court in Whitmore. Nevertheless, consistent with an arrangement between the parties in certain other Guantanamo habeas cases where the next friend standing requirements have not been met, see, e.g., Ahmed Doe v. Bush, No. 05-CV-1458 (ESH), respondents have agreed to permit cleared counsel in this case, who are visiting Guantanamo Bay to meet with a detainee whom they properly represent in another case, to also meet with the

---

[8] Respondents do not take the position that detainees can *never* act as proper next friends to other detainees, but argue only that the detainee who purports to do so in this case must establish his next friend status as a precondition to the Court's exercise of jurisdiction.

[9] Petitioners' attempt to liken their failure to establish standing to sue, which is a fundamental prerequisite to the Court's exercise of jurisdiction in these cases, to a "procedural defect," see Pets' Opp. at 6-7, is wholly unpersuasive. For one thing, the cases cited by petitioners involve situations where a procedural failure by a criminal defendant can be subsequently excused in a federal habeas case. In this case, however, the failure to secure proper authorization before filing a petition for writ of habeas corpus on behalf of an individual is not a mere "procedural defect," but rather touches the core of the Court's jurisdiction over the entire habeas proceeding. The Supreme Court's Whitmore standard is clear — if a petition for writ of habeas corpus is not directly authorized ("signed and verified") by the person on whose behalf habeas relief is sought, see 28 U.S.C. § 2242, then the two-pronged standard for next friend standing must be satisfied in order for the Court to exercise jurisdiction over the petition. See Whitmore, 495 U.S. at 163-64. In this case, despite the opportunity to communicate with Guantanamo detainees through the mail system, the petition at issue was not directly authorized by Mr. Saib, the purported real party in interest, nor has the putative next friend petitioner established that he has proper next friend standing under Whitmore. Thus, petitioners have failed to establish standing to sue, and the Court cannot exercise jurisdiction over the petition.

putative next friend in this case, Bisher Al-Rawi. This will permit counsel another opportunity to satisfy the <u>Whitmore</u> requirements. If petitioners are still unable to meet the next friend standing requirements after this visit, however, and have otherwise not secured direct authorization from Mr. Saib to pursue this petition, the Court should conclude that jurisdiction over this petition is absent, and the petition must be dismissed.

## **CONCLUSION**

For the reasons stated, the Court should order petitioners to show cause why this case should not be dismissed for lack of proper next friend standing.


Dated: January 26, 2006                     Respectfully submitted,

                                                          PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

     /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144

Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents