IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOTAI SAIB, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, President of the United States, *et al.*, <br><br> Respondents. | Civil Action No. 05-CV-1353 (RMC) |

### REPLY IN SUPPORT OF PETITIONER'S MOTION TO ENFORCE PROTECTIVE ORDER AND FOR ORDER COMPELLING COUNSEL ACCESS AND REQUEST FOR IMMEDIATE ENTRY OF PROPOSED ORDER

Petitioner Motai Saib (a/k/a Sayab, Mutij Sadiz Ahmad) moved for an order, consistent with the Protective Order entered in this case on August 1, 2005, requiring Respondents to permit Petitioner's counsel to visit with Petitioner. Respondents failed to respond to Petitioner's Motion, stating instead that no response was necessary because the Court stayed this case on January 27, 2006. *See* Respondents' Notice Regarding Petitioners' Motion to Enforce Protective Order and for Order Compelling Counsel Access, at 1. Because this Court has continuing and inherent authority to enforce its own lawful orders, such as the Protective Order entered in this case, Respondents' position is untenable, and should be rejected by this Court.

Respondents are continuing to engage in stall tactics to prevent Petitioner from exercising the very rights the Supreme Court provided for in *Rasul v. Bush,* 542 U.S. 466, 484 (2004), and acknowledged by the Commander-in-Chief, who has stated that he

believes inmates "ought to be tried in courts here in the United States." Andrew Selsky & Jennifer Loven, *U.S.: 3 Gitmo Inmates Hanged Themselves*, Associated Press, June 10, 2006, http://news.yahoo.com/s/ap/20060611/ap_on_go_ca_st_pe/guantanamo_suicides. It has been over sixteen months since Petitioner "first tried to get a lawyer to help him challenge his detention. It is simply unacceptable to wait any longer." *Adem v. Bush*, 2006 WL 751309, *8 (D.D.C. March 21, 2006).

This Court has already recognized that, even if a stay has been entered, the Court has "inherent power" to enforce its own lawful orders, including matters related to the Protective Order. *Id.* Indeed, Respondents conceded this point in *Adem*: "Respondents concede, as they must, that **the Protective Order remains in effect in Adem's case and in each of the Guantanamo *habeas* cases in which it was entered**." *Id.* (emphasis added). In addition, this Court has made clear that "[t]he question of when, and under what circumstances the existing Protective Order permits [Petitioner] to meet with his lawyer[s] has no bearing on the question of which Court has jurisdiction to review the merits of Petitioner's challenge to his detention." *Id.* Regardless of how the jurisdictional issues raised by the Detainee Treatment Act of 2005 are ultimately resolved, it is clear that all detainees have the right to counsel. *Adem*, 2006 WL 751309, at *8 and n.25. There is accordingly no sound reason to delay resolution of Petitioner's Motion.

Respondents have provided no support for their position that the stay entered in this case renders it unnecessary for Respondents to file a response to Petitioner's Motion, nor have they even attempted to address this Court's statements in *Adem*, which

are clearly in conflict with their position. The situation at Guantanamo is growing increasingly desperate. The suicides of three detainees less than one week ago have been widely reported. *See, e.g.*, Selsky, *supra*. Hunger strikes at Guantanamo have been widespread, involving as many as 131 detainees at one time. *Id.* Under these circumstances, it is urgent that this Court enforce the Protective Order and compel Respondents to permit Petitioner's counsel access to Petitioner.

Accordingly, this Court is respectfully requested to grant Petitioner's Motion To Enforce Protective Order and for Order Compelling Counsel Access and immediately enter the Proposed Order submitted therewith.

Dated: June 15, 2006.

                Respectfully submitted,

*[signature]*
Anne J. Castle (Colorado State Bar #11202)
Scott S. Barker (Colorado State Bar #11177)
J. Triplett Mackintosh (Colorado State Bar #22359)
William E. Murane (Colorado State Bar # 2676)
Douglas L. Abbott (Colorado State Bar #18683)
Danielle R. Voorhees (Colorado State Bar # 35929)
Hamid M. Khan (Colorado State Bar #34139)
Barry C. Bartel (Colorado State Bar #23040)
Jonathan S. Bender (Colorado State Bar #33979)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8000

Of Counsel
Barbara J. Olshansky (New York State Bar #3635)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway
New York, New York 10012
Telephone: (212) 614-6439

**ATTORNEYS FOR PETITIONER**

## CERTIFICATE OF SERVICE

I certify that on June 15, 2006, I served a copy of the foregoing document to the following as indicated below:

United States Department of Justice
c/o Preeya Noronha *via electronic filing*
Peter D. Keisler
Joseph H. Hunt
Kenneth L. Wainstein
Douglas N. Letter
Vincent M. Garvey
Terry M. Henry
James J. Schwartz
Robert J. Katerberg
Nicholas J. Patterson
Andrew I. Warden
Edward H. White
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. Room 7144
Washington, DC  20530
preeya.noronha@usdoj.gov


Holland & Hart LLP

3566055_2.DOC