IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOTAI SAIB, *et al.*,<br><br>                    Petitioners,<br><br>          v.<br><br>GEORGE W. BUSH,<br>          President of the United States,<br>          *et al.*,<br><br>                    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 05-CV-1353 (RMC)

**RESPONDENTS' MOTION FOR STAY AND RECONSIDERATION
OF MAGISTRATE JUDGE'S OCTOBER 6, 2006 MEMORANDUM ORDER**

Respondents hereby object to and seek reconsideration of Magistrate Judge Alan Kay's

October 6, 2006 Memorandum Order (dkt. no. 45) ("October 6 Memorandum Order") requiring

that respondents permit counsel to meet with petitioner Motai Saib, who is detained by the

Department of Defense ("DoD") at the United States Naval Base in Guantanamo Bay, Cuba.

As an initial matter, respondents object to the October 6 Memorandum Order as

inconsistent with Judge Collyer's January 27, 2006 stay of "all action" in this case pending

resolution by the D.C. Circuit of "serious questions concerning whether this Court retains

jurisdiction to hear the above-captioned case[]" after the Detainee Treatment Act of 2005, Pub.

L. No. 109-148, tit. X, 119 Stat. 2680, became law (dkt. no. 18).  Indeed, consistent with the

Court's order, respondents filed a notice in response to petitioner's motion to enforce the

protective order and for order compelling counsel access, which indicated that respondents did

not intend to submit a substantive response to petitioners' request for relief because the Court has

stayed "all action" in the case (dkt. no. 29).  Respondents also indicated that they "reserve[d]

their right to submit a memorandum in opposition to petitioners' motion to enforce the protective

order and for order compelling counsel access containing a substantive response opposing

petitioners' request for relief in the future if so directed by the Court." Id. Notwithstanding the

stay of "all action" in this case, which has not been lifted by the Court, and absent a substantive

memorandum in opposition to petitioners' motion by respondents, however, the Magistrate Judge

proceeded to adjudicate the merits of petitioners' motion. The October 6 Memorandum Order is,

therefore, improper and should be vacated.

Respondents further object to the October 6 Memorandum Order for the same reasons

expressed in Respondents' Emergency Motion for Stay and Reconsideration of Magistrate

Judge's June 29, 2006 Memorandum Order (dkt. no. 61, 62), previously filed in Kiyemba v.

Bush, No. 05-CV-1509 (RMU). Respondents' memorandum, with exhibits, is attached as

Exhibit A and incorporated herein by reference.[1] As explained more fully therein, the October 6

Memorandum Order is clearly erroneous and contrary to law for several reasons. First of all, the

Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the DTA"),

creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention

of aliens detained as enemy combatants at Guantanamo Bay, such as petitioner Motai Saib, who

is the subject of the Magistrate Judge's Order in this case. Moreover, on October 17, 2006, the

Military Commissions Act of 2006, Pub. L. No. 109-366 (2006) ("the MCA"), became law. The

MCA, among other things, amends 28 U.S.C. § 2241 to eliminate altogether district court

jurisdiction to consider habeas petitions, as well as any other action "relating to any aspect of the

---

[1] Respondents' motion was denied by Judge Urbina on August 7, 2006. See Kiyemba v. Bush, No. 05-CV-1509 (RMU) (dkt. no. 82).

- 2 -

detention, transfer, treatment, trial, or conditions of confinement," of aliens detained by the

United States as enemy combatants.  See id. § 7.  The MCA expressly applies the amendment "to

all cases, without exception, pending on or after the date of the enactment of this Act," which

would include the above-captioned case, thereby unambiguously divesting this Court of

jurisdiction over this action.[2]  Therefore, the Magistrate Judge had no jurisdictional basis to issue

relief in this case, and no jurisdictional basis for the order currently exists, in any event.

In addition, the Magistrate Judge clearly erred in concluding that the governing protective

order and counsel access procedures in the Guantanamo habeas litigation do not require counsel

to supply appropriate proof of authority to represent a detainee prior to being permitted

privileged access to the detainee.  To the contrary, the language, structure, and history of the

counsel access procedures evidence a two-layer requirement regarding counsel's authority to

bring and then maintain a habeas corpus petition on behalf of a Guantanamo detainee.  First, in a

case such as this brought by a putative "next friend," prior to having privileged access to the

detainee, counsel must produce sufficient evidence of counsel's authority to represent the

detainee through a proper "next friend."  See Respondents' Motion for Order to Show Cause

Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing (dkt. no. 13).

Second, after having the opportunity to meet with the detainee, counsel must submit evidence of

the detainee's authorization for counsel to represent him.  The Magistrate Judge clearly erred by

conflating these separate, and practical, authorization requirements into a single requirement that

---

[2]  The effect of the DTA on cases such as this, i.e., the extent to which the vesting of
exclusive review in the Court of Appeals deprives this Court of jurisdiction to proceed, remains
pending before the Court of Appeals.  The D.C. Circuit also recently ordered supplemental
briefing on the effect of the MCA on the pending appeals, to be completed by November 20,
2006.

counsel who purportedly represents a particular detainee must be provided with privileged access to the detainee on demand and then need only produce evidence of authority to represent the detainee after conducting privileged meetings with the detainee.  In reaching this conclusion, the Magistrate Judge created an extra-legal scheme for establishing jurisdiction in the Guantanamo habeas cases that is contrary to law, including the plain terms of the habeas statute and the well-established jurisprudence regarding next friend standing.  Further, by requiring the government to provide direct, privileged access to wartime detainees in a military detention facility for counsel merely purporting to represent a detainee, without any showing by counsel of proof of appropriate authority to represent the detainee directly or through a next friend satisfying appropriate standing requirements, the Magistrate Judge's Order offends separation of powers. Accordingly, as more fully explained in the <u>Kiyemba</u> memorandum, the October 6 Memorandum Order is clearly erroneous and contrary to law and should be vacated, and the interpretation of the counsel access procedures reflected therein should be set aside.

For these reasons, the Magistrate Judge's October 6 Memorandum Order is clearly erroneous and contrary to law and should be vacated, and the interpretation of the counsel access procedures reflected in the October 6 Memorandum Order should be set aside.  At a minimum, the Court should stay the operation of the October 6 Memorandum Order, which requires respondents to "allow counsel to meet with the Petitioner as soon as possible," pending appropriate consideration of respondents' objections to the October 6 Memorandum Order.

Dated: October 26, 2006                     Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

_____/s/ Preeya M. Noronha_____
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents