CLEARED FOR PUBLIC FILING BY CSO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOTAI SAIB, <br><br> Petitioner, <br><br> v. <br><br> GEORGE W. BUSH, <br><br> President of the United States, *et al.*, <br><br> Respondents. | Civil Action No. 05-CV-1353 (RMC) |

**OPPOSITION TO RESPONDENTS' MOTION FOR STAY AND RECONSIDERATION OF MAGISTRATE JUDGE'S OCTOBER 6, 2006 MEMORANDUM ORDER AND <u>REQUEST FOR EXPEDITED HEARING</u>**

**INTRODUCTION**

By their Motion for Stay and Reconsideration of Magistrate Judge's October 6, 2006 Memorandum Order (the "Motion"), Respondents seek reconsideration of Magistrate Judge Kay's Memorandum Order dated October 6, 2006 (the "Order") granting Petitioner's Motion to Enforce Protective Order and for Order Compelling Counsel Access ("Petitioner's Motion"). Because the Motion merely recycles arguments that the Court has already rejected, and because Respondents cannot meet the standard for a motion for reconsideration under Federal Rule of Civil Procedure 72(a) the Court should deny the Motion.

## ARGUMENT

### I. The Court Should Reject Respondents' Continued Stall Tactics.

In response to Petitioner's Motion, Respondents elected to file a "Notice" instead of filing a substantive response. Respondents could have presented both their jurisdictional argument and their substantive argument in response, but instead adopted an approach apparently aimed at further delaying disposition of Petitioner's Motion, and as a result, counsel's access to Petitioner. Magistrate Judge Kay correctly points out that Respondents have sought and obtained relief in this case since the stay was entered. Order at 1 n.1. Respondents cannot seek relief from the Court when it is in their interests, and then file a "Notice" when it is not in their interests to respond substantively. Magistrate Judge Kay correctly rejected this disingenuous strategy, and there is no reason for the Court to decide otherwise.

As explained in the Order, more than eighteen months ago, Petitioner informed a fellow detainee that he wanted assistance getting a lawyer to challenge his detention. He is entitled to meet with his lawyer, and the Court should not allow Respondents' stall tactics to further delay Petitioner's exercise of the very rights that the Supreme Court provided for in *Rasul v. Bush*, 542 U.S. 466, 484 (2004). If the Court determines that a hearing is necessary to determine the Motion, Petitioner requests an expedited hearing.

### II. Because The Order Is Neither Clearly Erroneous Nor Contrary To The Law, It Should Not Be Reconsidered.

#### A. Respondents Have Failed to Meet the Standard for a Motion for Reconsideration.

Under Federal Rule of Civil Procedure 72(a), the Court shall not modify or set aside "any portion of the magistrate judge's order" in a nondispositive matter unless it

2

is "found to be *clearly erroneous or contrary to the law.*" Rule 72(a) (emphasis added). By this standard, the Court must affirm the magistrate judge's determination unless, "on the entire evidence," the Court "is left with the definite and firm conviction that a mistake has been committed." *Neuder v. Battelle Pacific Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 365 (1948)). Upon review, the magistrate judge's decision is "entitled to great deference." *Pulliam v. Continental Casualty Co.*, 2006 WL 2850655, at *2 (D.D.C. 2006); *see also Adair v. Winter*, 2006 WL 2587577, at *3 (D.D.C. 2006) (holding that the magistrate judge's decision is entitled to great deference, and will not be disturbed unless found to be clearly erroneous or contrary to the law). A motion to reconsider "is not simply an opportunity to reargue facts and theories upon which the court has already ruled" and will not be granted if the Court "suspects that the losing party is using the motion as an instrumentality for arguing the same theory." *Lightfoot v. District of Columbia*, 355 F.Supp.2d 414, 420-421 (D.D.C. 2005).

Respondents' Motion merely recycles arguments that the Court has already rejected, and lacks any persuasive arguments that the Order is contrary to the law or clearly erroneous. Magistrate Judge Kay has considered and rejected all of the arguments asserted by Respondents, and Respondents have pointed to no new case law or material facts that might upset the reasoning of the Order. The Magistrate Judge's jurisdiction over the case is not contrary to the law, as neither the Detainee Treatment Act nor the newly-signed Military Commissions Act divest this court of its ability to enforce the terms of a Protective Order previously entered.

## B. The Order is Not Clearly Erroneous or Contrary to the Law.

Earlier this year, Respondents filed a motion for reconsideration of an order issued by Magistrate Judge Kay in a separate Guantánamo habeas case pending in this court, arguing, as they do here, that the Detainee Treatment Act strips the District Court of jurisdiction. This Court dismissed Respondents' jurisdictional argument, holding that "enforcing the terms of the protective order. . .does not pose the danger of exceeding the court's jurisdiction, even if it is ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief." *Kiyemba v. Bush*, 2006 WL 2255736, at *2 (D.D.C. August 7, 2006).[1] *See also Said v. Bush*, Civ. No. 05-2384 (D.D.C. May 26, 2006) (minute order denying Respondents' motion for stay and reconsideration arguing in part that the Magistrate Judge lacks jurisdiction to facilitate detainees' access to counsel); *Razakah v. Bush*, Civ. No. 05-2370, slip. op. at 4 (D.D.C. May 18, 2006) (holding that "enforcing the terms of the protective order does not pose a danger of exceeding the Court's jurisdiction"); and *Mohammon v. Bush*, Civ. No. 05-2386, slip. op. at 2 (June 27, 2006) (citing Respondents' willingness to consent to entry of the Protective Order in cases arising after passage of the Detainee Treatment Act as evidence of court's power to issue orders affording detainees access to their counsel).

---

[1] In the Motion, Respondents attempt to incorporate by reference the briefs filed in the *Kiyemba* case. Respondents cannot use this case as an opportunity to reassert arguments that this Court has already rejected in other cases. Respondents are clearly using this Motion "as an instrumentality for arguing the same theory." *Lightfoot*, 355 F.Supp.2d 414, 420-421 (D.D.C. 2005). Such an attempt is wholly inappropriate, and makes clear that Respondents have not met the standard for a request for reconsideration.

The above-cited decisions are equally applicable to the Military Commissions Act, as it, in relevant part, incorporates by reference the same language of the Detainee Treatment Act relating to jurisdiction and extends it to pending cases. While both the Detainee Treatment Act and the Military Commissions Act purport to affect the jurisdiction of this Court over the merits of certain habeas corpus petitions, neither denies detainees access to counsel. Furthermore, the Court of Appeals for the District of Columbia Circuit has ordered supplemental briefing on the constitutionality of the Military Commissions Act, and the detainees are entitled to representation as this Court and the Court of Appeals exercise their jurisdiction to consider the appropriate interpretation and scope of the Military Commissions Act. It is therefore inappropriate to stay any decision in this matter pending further briefing regarding the constitutionality of the Military Commissions Act. Enforcement of the Protective Order as a means of ensuring access to counsel has been held to be well within the Magistrate Judge's jurisdiction, and not contrary to the law.

## CONCLUSION

The Motion should be denied because the Order is neither clearly erroneous nor contrary to law. Respondents have simply reargued a position that has already been rejected by the Court several times, without pointing to anything in the Protective Order that makes the Magistrate Judge's plain reading of it clearly erroneous. Respondents have failed to meet their burden for a motion for reconsideration. For these reasons, Respondents' Motion should be denied.

Dated: November 10, 2006

                                        Respectfully submitted,

                                        s/ Anne J. Castle
                                        Anne J. Castle
Scott Barker
Douglas L. Abbott
J. Triplett Mackintosh
William E. Murane
Danielle R. Voorhees
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202
Tel: (303) 295-8000
Facsimile: (303) 295-8261

Donald A. Degnan
Holland & Hart LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
Tel: (303) 473-2700
Facsimile: (303) 473-2720

Dean B. Arnold
Holland & Hart LLP
U.S. Bank Plaza,
101 S. Capitol Blvd., Ste. 1400
Boise, ID 83702
Tel.: (208) 383-3914
Facsimile: (866) 851-8334

Of Counsel
Barbara J. Olshansky
Tina Monshipour Foster (NY No. TF5556)
Gitanjali S. Gutierrez (NY No. GG1234)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway
New York, NY 10012
Tel.: (212) 614-6439
**ATTORNEYS FOR PETITIONERS**

## CERTIFICATE OF SERVICE

I certify that on November 10, 2006, I filed the foregoing with the Court's ECF electronic filing system, which will serve a copy of the same with the United States Department of Justice.

s/ Lisa M. Podsiadlik

3629720_1.DOC