**CLEARED FOR PUBLIC FILING BY CSO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOTAI SAIB, *et al.*,        )<br>                                              )<br>     Petitioners/Plaintiffs,  )<br>                                              )<br>           v.                             )<br>                                              )<br>GEORGE W. BUSH, *et al.*,    )<br>                                              )<br>     Respondents/Defendants. )<br>_____)  | Civil No. 05-CV-1353 (RMC) |

**MOTION FOR RECONSIDERATION OF ORDER DISMISSING PETITION
FOR HABEAS CORPUS AND DENYING MOTION TO STAY PROCEEDINGS
AND HOLD IN ABEYANCE**

Pursuant to Federal Rule of Civil Procedure 60(b), Petitioner Motai Saib ("Saib" or "Petitioner") and his Next Friend Petitioner, Mr. Bisher Al-Rawi, hereby file this Motion for Reconsideration of Order Dismissing Petition for Habeas Corpus and Denying Motion to Stay Proceedings and Hold in Abeyance, and in support thereof state as follows:

**INTRODUCTION**

In light of the Supreme Court's recent, and very rare, reversal of its previous denial of certiorari in *Boumediene v. Bush*, Petitioner requests that this Court reconsider its May 9, 2007 Order dismissing Saib's petition for habeas corpus and denying his motion to stay and hold the matter in abeyance.[1] On June 29, 2007, the Supreme Court granted certiorari in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), using a procedural mechanism it has not exercised in decades. The Court, pursuant to Supreme

---

[1] *See* Order, *Saib v. Bush*, Civil Action No. 05-1353 (RMC) (May 9, 2007), attached as Exhibit A.

Court Rule 44.2 ("Sup. Ct. R."), granted the *Boumediene* petitioners' petition for rehearing, vacated its April 2, 2007 order denying certiorari and granted the writ of certiorari. The Court's action indicates that there were "intervening circumstances of a substantial or controlling effect," or that evidence of "substantial grounds not previously presented" became available. Sup. Ct. R. 44.2. In response to the Supreme Court's decision, the United States Court of Appeals for the District of Columbia Circuit ("CADC") has recalled its mandate in *Boumediene* and in *Al-Odah v. Bush*.[2] In light of the Supreme Court's reconsideration of its previous decision and the CADC's response, Petitioner seeks reconsideration of this Court's May 9, 2007 Order.

## PROCEDURAL HISTORY

Petitioner filed a petition for writ of habeas corpus on July 5, 2005. After the Supreme Court's April 2, 2007 denial of certiorari in *Boumediene*, respondents filed a motion to dismiss the petition, relying on the CADC's February 20, 2007 decision in *Boumediene* and the Supreme Court's subsequent denial of certiorari. This Court, on May 9, 2007, dismissed Saib's petition for habeas corpus and denied his motion to stay proceedings and hold in abeyance. *See* Exhibit A. On June 14, 2007, Petitioner filed a Notice of Appeal challenging the May 9, 2007 Order.[3]

---

[2] *See* Order Granting Mot. to Recall Mandates, *Al-Odah v. Bush*, 05-5064 (D.C. Cir. July 26, 2007); *Boumediene v. Bush*, 05-5062 (D.C. Cir. July 26, 2007).

[3] The filing of a notice of appeal from the Court's Order does not deprive the Court of jurisdiction over this Motion. *See Piper v. U.S.*, 374 F.Supp.2d 73, 77 (D.D.C. 2005) (district court had jurisdiction to consider Rule 60(b) motion where party first filed a notice of appeal, and subsequently filed a Rule 60(b) motion); *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. June 1991) (district court had jurisdiction to consider Rule 60(b) motion where party filed a notice of appeal and a Rule 60(b) motion on the same date). When both a Rule 60(b) motion and an appeal are pending simultaneously, a district court may consider the Rule 60(b) motion and, "if the district court indicates that it will grant relief,

In compliance with Petitioner's Notice of Intent to File a Petition Under the Detainee Treatment Act, *Saib v. Bush*, 05-CV-1353 (RMC) (May 3, 2007), ECF Doc.58, Petitioner filed a petition for review of his Combatant Status Review Tribunal in the CADC pursuant to the Detainee Treatment Act of 2005, Pub. L. No. 109-148, §§ 1001-1006, 119 Stat. 2680, 2739-45 (Dec. 30, 2005) ("DTA").

## JURISDICTION

Pursuant to Federal Rule of Civil Procedure 60(b), Petitioner now moves for reconsideration of the Court's May 9, 2007 Order. Rule 60(b) grants this Court the power to relieve a party from a final judgment, order, or proceeding when the Court finds "reason[s] justifying relief from the operation of the judgment." Fed. R. Civ. Proc. 60(b)(6).

## *BOUMEDIENE* LEGAL BACKGROUND

On February 20, 2007, the CADC ruled in *Boumediene* that the Military Commissions Act of 2006 (MCA), Pub. L. No. 109-366, 120 Stat. 2600 (2006), eliminated the jurisdiction of the federal courts to consider habeas actions by Guantánamo detainees, and that the Guantánamo detainees, as aliens outside the sovereign territory of the United States, lack constitutional rights and therefore lack standing to challenge the elimination of jurisdiction under the Suspension Clause of the United States Constitution.[4] *See Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007).

---

the appellant may move the appellate court for a remand in order that relief may be granted." *Piper*, 374 F.Supp.2d at 77; *Hoai*, 935 F.2d at 312. *See also*, *Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 280 (D.C. Cir. Dec. 29, 1971) (stating that a Rule 60(b) motion to provide relief may be considered by the district court while an appeal is pending).

[4] *Boumediene* is consolidated with *Al Odah v. United States, CADC docket No. 05-5064.*

On March 5, 2007, the *Boumediene* and *Al Odah* petitioners filed certiorari petitions in the Supreme Court seeking review of the CADC's judgment. S. Ct. Nos. 06-1195 & 06-1196. On April 2, 2007, the Supreme Court denied the petitions. 127 S.Ct. 1478 (2007). On April 27, 2007, the *Boumediene* and *Al Odah* petitioners filed petitions for rehearing and motions to defer consideration of those petitions pending the petitioners' exhaustion of their remedies under the DTA. In their June 22, 2007 reply in support of the petitions for rehearing, the *Al Odah* petitioners annexed a declaration of Lieutenant Colonel Stephen Abraham, United States Army Reserve (the "Abraham Declaration"), a military intelligence officer who was involved in the Combatant Status Review Tribunal process. The Abraham Declaration sharply calls into question the legitimacy and fairness of that regime. *See* Abraham Declaration, attached as Exhibit B. A week later, on June 29, 2007, the Supreme Court granted the petition for rehearing, vacated its previous order of April 2, 2007 denying certiorari, and granted a writ of certiorari in *Boumediene* and *Al-Odah*. *See* Order Granting Certiorari, *Boumediene v. Bush* (06-1195), *Al Odah v. United States* (06-1196), June 29, 2007, attached as Exhibit C.

I. **IN LIGHT OF THE EXTRAORDINARY CIRCUMSTANCES PRESENT IN THIS CASE, THE COURT SHOULD RECONSIDER ITS MAY 9, 2007 ORDER.**

Rule 60(b)(6) allows courts "to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott* v. *United States*, 335 U.S. 601, 614-615 (1949). Rule 60(b)(6) provides that a court may consider "any other reason justifying relief from the operation of the judgment" when entertaining a motion for reconsideration. This remedy is only available in extraordinary circumstances. *Liljeberg*

*v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988).  Here, the following extraordinary circumstances justify reconsideration of the Court's May 9, 2007 Order: (1) Petitioner's prolonged detention without any judicial review; (2) the facts revealed in the Abraham Declaration; and (3) the Supreme Court's reconsideration of its April 2, 20007 order denying certiorari in *Boumediene*.

      This Court's dismissal of Petitioner's petition for habeas corpus meets the extraordinary circumstances threshold, as "imprisonment" constitutes an "extraordinary" fact.  *Ackermann v. United States*, 340 U.S. 193 (1950) (finding that *imprisonment, lack of counsel, or deprivation of trial* were "extraordinary" facts) (emphasis added); *Klapprott* v. *United States*, 335 U.S. 601, 614-615 (1949) (holding that continued imprisonment without an opportunity to defend oneself, after a proceeding on inadequate facts must be reconsidered because "[f]air hearings are in accord with elemental concepts of justice, and the language of the 'other reason' clause of 60 (b) is broad enough to authorize the Court to set aside the default judgment") (internal citations omitted).

      Petitioner Saib has now been detained by Respondent at Guantanamo Bay for more than five years, without any independent judicial review of the legality of his detention nor of the factual allegations that Respondent asserts justify Petitioner's indefinite imprisonment without trial.  Petitioner's detention under these circumstances is itself extraordinary.

      The situation is rendered even more extraordinary by Lieutenant Colonel Abraham's recent disclosure of the staggering inadequacies of the Combat Status Review Tribunal regime, which Respondents have alleged provides a legitimate review process justifying indefinite detention.  *See* Abraham Declaration, attached as Exhibit B.  Finally,

the Supreme Court's recent reversal of its previous denial of certiorari in *Boumediene* is extraordinary. When considered together, Petitioner's prolonged detention, the Abraham Declaration, and the Supreme Court's recent grant of certiorari in *Boumediene* clearly constitute the type of extraordinary circumstances that justify relief from operation of the Court's May 9, 2007 Order. The Court should therefore reconsider that Order, deny Respondent's Motion to Dismiss and grant Petitioner's Motion to Stay and Hold Proceedings in Abeyance.

II.   **THIS COURT HAS THE AUTHORITY TO DENY RESPONDENTS' MOTION TO DISMISS AND GRANT PETITIONER'S MOTION TO STAY AND HOLD PROCEEDINGS IN ABEYANCE.**

In *Al Ginco v. Bush*, D.C. Cir. No. 06-5191 (June 7, 2007), the CADC denied the government's motion to dismiss habeas corpus petitions. In doing so, the *Al Ginco* court explained that:

> [t]he district court may consider in the first instance respondents' motion to dismiss and petitioner's motion to stay and hold in abeyance, which are currently pending before the district court in the actions underlying these consolidated appeals.

The Order entered in *Al Ginco* makes clear that this Court retains jurisdiction over this case and that this Court is not required to dismiss this case and may grant Petitioner's stay and abey motion.

In the vast majority of habeas petitions pending before the District Court for the District of Columbia, courts have chosen to deny the government's motion to dismiss and to hold the cases in abeyance via administrative closure, *see e.g.*, *Zadran et al.* v. *Bush et al.*, 05-cv-2367 (June, 29 2007) (D.C.C. 2007) (J. Roberts), or to hold the government's motion in abeyance and thus maintain already existing stays or administrative closures.

*See*, *e.g.*, *Mohammon, et al. v. Bush*, 04-cv-01164 (Jan. 31, 2007) (D.C.C. 2007) (J. Walton). This Court has the authority to do likewise.

The pending *Boumediene* case is dispositive on the question of this Court's jurisdiction over Petitioner's petition for habeas corpus. The Supreme Court's rare decision to reverse itself and grant certiorari in *Boumediene* is an extraordinary measure that indicates just how subject the current law is to change. This Court is faced with novel and currently-undecided issues of law and Petitioner therefore requests that this Court reconsider its May 9, 2007 Order.

## CONCLUSION

Petitioner respectfully requests that this Court reconsider its dismissal of his petition for habeas corpus and denial of his motion to stay and abey in accordance with Rule 60(b)(6).

Dated: September 6, 2007.

Respectfully submitted,

s/_____
Anne J. Castle
Scott S. Barker
J. Triplett Mackintosh
William Murane
Danielle R. Voorhees
HOLLAND & HART LLP
555 Seventeenth Street, Ste. 3200
Denver, CO 80202
Telephone: (303) 295-8000
Facsimile: (303) 295-8261

Of Counsel:

Shayana Kadidal
CENTER FOR CONSTITUTIONAL RIGHTS

- 7 -

        666 Broadway, 7th Floor
        New York, NY  10012
        Telephone:  (212) 614-6438
        Facsimile:   (212) 614-6499

- 9 -

## CERTIFICATE OF SERVICE

I certify that on September 6, 2007, I filed the foregoing with the Court's ECF electronic filing system, which will serve a copy of the same with the United States Department of Justice.

s/Lisa M. Podsiadlik

3744665_1.DOC