**CLEARED BY CSO FOR PUBLIC FILING**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOTAI SAIB, *et al.*, | ) | |
| | ) | |
| Petitioners/Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 05-CV-1353 |
| | ) | |
| GEORGE W. BUSH, *et al.*, | ) | |
| | ) | |
| Respondents/Defendants. | ) | |
| _____ | ) | |

**PETITIONER'S MOTION FOR AN ORDER LIFTING THE STAY, SETTING A STATUS CONFERENCE, REQUIRING RESPONDENTS TO ANSWER THE HABEAS PETITION AND CONVERTING PETITION TO DIRECT PETITION BY DISMISSING PETITIONER'S NEXT FRIEND**

As the Court is aware, on June 12, 2008, the United States Supreme Court issued its decision in *Boumediene v. Bush*, 553 U.S. ___ (June 12, 2008).  Pursuant to *Boumediene*, Petitioner Nabil Hadjarab ("Petitioner") is entitled to "a prompt habeas corpus hearing" in this Court.  Slip. op at 66.  Petitioner's counsel understands that the *Boumediene* ruling will result in this Court litigating numerous *habeas corpus* cases on behalf of Guantanamo detainees such as Petitioner.  Counsel intends to cooperate fully with the Court to ensure that these cases proceed in the most efficient and effective manner possible.

To permit this *habeas corpus* case to move forward as required by *Boumediene*, Petitioner requests that the Court enter an order providing that:  (1) the Stay entered by this Court's minute order of August 1, 2005 be lifted; (2) by July 31, 2008, Respondents be required to show cause why Petitioner's Petition for Writ of *Habeas Corpus* (filed July 7, 2005) should

not be granted; (3) the Court set a telephonic[1] status conference so that the Court and the parties

may discuss a scheduling order, discovery and other case issues;[2] and (4) the Court convert his

petition from a next friend petition to a direct petition by dismissing his next friend, Bisher Al-

Rawi.

Pursuant to LCvR 7(m), Petitioner's counsel has attempted to confer with counsel for

Respondents by providing a copy of this motion.  Respondents' counsel have not responded to

the attempt to confer, but Petitioner's counsel understands that Respondents are taking the

position that it is premature to set status conferences at this time.

### Argument

On August 1, 2005, the Court entered a minute order staying this case "pending the

disposition of the appeals in Khalid v. Bush . . .."  On June 12, 2008, the Supreme Court handed

down its opinion, ruling that prisoners at Guantanamo have *habeas corpus* rights protected under

the U.S. Constitution; the review procedures of the Detainee Treatment Act are not an adequate

substitute for *habeas corpus*; and the Military Commissions Act, insofar as it purported to strip

the courts of *habeas corpus* jurisdiction, was unconstitutional.  The Court stated that it was now

up to the trial courts to resolve questions regarding "the legality of . . . detention" of Guantanamo

detainees, Slip op. at 2, emphasizing that "[t]he detainees in these cases are entitled to a *prompt*

---

[1] Petitioner's Counsel is located in Denver, Colorado and requests that the status conference be conducted telephonically to prevent scheduling delays and travel.  However, should the Court prefer that Counsel appear in person, Petitioner's Counsel would be happy to travel to Washington, D.C.  If the conference is conducted in person, Petitioner's Counsel respectfully requests that status conferences be set in the following cases at the same time, as Holland & Hart represents the Petitioners in all four of these matters: *Nabil v. Bush*, No. 05-1504 (RMC), *Abbar Sufian Al Hawary v. Bush*, No. 05-1505 (RMC), and *Sufyian Barhoumi a/k/a Shaffiq v. Bush*, No. 05-1506 (RMC).

habeas corpus hearing." Slip op. at 66 (emphasis added). Since the basis for the stay no longer exists, it should be lifted.

Petitioner has been confined in Guantanamo since 2002. His *habeas corpus* petition was filed on July 7, 2005, but Respondents have yet to answer. In February 2008, the Department of Defense notified undersigned counsel that Petitioner "has been approved to leave Guantanamo," but, stated obliquely that "such a decision does not equate a determination that your client is not an enemy combatant, nor is it a determination that he does not pose a threat to the United States or its allies. I cannot provide you any information regarding when your client may be leaving Guantanamo as his departure is subject to ongoing discussions." Exhibit A, Email from Bree Ermentrout, CDR, JAGC, USN to Scott S. Barker (Feb. 7, 2008). Yet 6 years after being imprisoned, and 4 months after being approved for release, Petitioner is still detained at Guantanamo. Petitioner Saib should "no longer" bear "the costs of delay" in these proceedings. *Boumediene*, Slip. op. at 66. Therefore, Respondents should submit their answer to the Petition for Writ of *Habeas Corpus* by July 31, 2008, and the Court should hold a status conference as soon as practicable so that this matter may move forward on the merits in an expedited manner.

Finally, Petitioner has authorized undersigned counsel to represent him. Ex. B, Authorization. Therefore, Petitioner's Next Friend should be dismissed and this case should be converted to a direct Petition for Writ of Habeas Corpus.

Dated:  June 30, 2008

Respectfully submitted,


/s Danielle R. Voorhees
Anne J. Castle
Scott S. Barker
J. Triplett Mackintosh
William Murane
Danielle R. Voorhees
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Telephone:  (303) 295-8000

Of Counsel
Shayana Kadidal
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway 7th Floor
New York NY  10012
phone: (212) 614-6438
fax: (212) 614-6499

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2008, I filed the foregoing PETITIONER'S MOTION FOR AN ORDER LIFTING THE STAY, SETTING A STATUS CONFERENCE, REQUIRING RESPONDENTS TO ANSWER THE HABEAS PETITION AND CONVERTING PETITION TO DIRECT PETITION BY DISMISSING PETITIONER'S NEXT FRIEND via the Court's ECF filing system, which will electronic serve a copy to:

U.S. Department of Justice


/s Danielle R. Voorhees
Holland & Hart LLP